# City Court.

## *Trial Term—July,* 1884.

## THOMAS OGLE *against* KING & GOODHEART.

**Stable-keeper's lien.** The statute giving a livery-stable-keeper a lien is a remedial one, and must be liberally construed to advance the remedy. It was intended to give a lien where none existed before.

An inchoate lien attaches from the moment the horses enter the stable. It is waived if the statutory notice be not given, and it ripens into an effective lien the moment the required notice is given, and relates back and embraces all charges due.

Trial by the court without a jury.

McAdam, Ch. J.—The statute (*L.* 1872, ch. 498; *L.* 1880, ch. 145), gave the plaintiff, as stable-keeper, the right to detain the horses until all the charges under the agreement for care, keep and board were paid, provided the notice in writing of the intention to enforce such lien was given to the owner as required by said statute. The statutory notice in writing was given on May 15, 1884. The plaintiff had not, up to this time, abandoned his lien, and it became effective from the time the notice was given, and embraced the entire claim.

The statue is a remedial one, and must be liberally construed to advance the remedy. It was intended to give a lien where none existed before. The inchoate lien attaches from the moment the horses enter the stable; it is waived if the statutory notice be not given, and it ripens the moment the notice is given into a complete statutory lien relating back and embracing all the charges due.

The words in the act,—"from the time of giving of such notice,"—mean that from this time the lien becomes complete; but when made effective by the notice it covers all charges for care, keep and board, while such horses were cared for by the stable-keeper. In fact section one expressly provides that the lien intended to be given authorizes the stable-keeper " to detain such horse or horses until all charges . . . shall have been paid." (See Eckhard *v.* Donohue, 9 *Daly*, 214.) It will not do, in the face of this language, to hold that the stable-keeper may detain the horses until the charges due "from the time of giving notice" are paid, for the statute in express terms provides that he may detain them " until all charges, &c., shall have been paid." A person doing work or furnishing material to a building may acquire a lien thereon by filing a notice with the county clerk. The lien dates from the time of filing, but embraces work and material done and furnished prior thereto. The lien is inchoate in

Ogle v. King.

its nature until the notice is filed, and is abandoned if the notice is not filled, but when filed it embraces all lawful charges up to that time. The cases are somewhat anal-ogous. The defendant Goodheart, as the general asignee of King, succeeded to the rights of his assignor, and these were subject to the inchoate right of lien which matured on the service of the notice. A person purchasing real estate relies, of course, upon the public records, and if there be no lien upon file at the time of the purchase, he may be compelled to take and pay for the property, so that a lien subsequently filed against the property cannot impair the title he was obliged to take. In the case of a stable-keep-er's lien, no record is required to be kept, and the only mode in which a purchaser can ascertain whether there is a lien or not, is to inquire of the stable-keeper. The horses were in possession of the stable-keeper under an agreement with the assignor, at the time Goodheart accepted the assignment. This was known to the assignee, and was constructive notice to him of the right of lien under the statue.

· The general assignee takes title for the benefit of cred-itors, and must take it *cum onere*. The law will not give him greater rights than his assignor. He, figuratively speaking, steps into the shoes of the assignor and succeeds to nothing more. To hold that the lien may be defeated by a mere transfer, to which the stable-keeper is not a party, would be to defeat the apparent object of the statute, and render it nugatory.

The law meant to give the stable-keeper a right which he might make available or not, at his option, but no one else can divest him of it. Under the circumstances I find that there was a valid lien on the three horses which be-longed to King, and were transferred to Goodheart, but as to the one which belonged to neither I dismiss the complaint. It follows that there must be judgment in favor of the plaintiff for the amount of the charges on the three horses.

Upon submitting a decree in accordance herewith it will receive my fiat.

This opinion was approved of in Lessells *v.* Farnsworth, 3 *How. Pr. N. S.* 364.